## Case No. 9,327.

### In re MAY et al.

Ex parte MASSACHUSETTS HOSPITAL LIFE INS. CO.

[17 N. B. R. 192.][1]

District Court, D. Massachusetts. Feb. 6, 1878.

BANKRUPTCY — PARTNERSHIP — JOINT AND SEPARATE CREDITORS—PRINCIPAL AND SURETY —EQUITABLE RIGHTS.

1. Where the individual property of one of the members of a firm is pledged for a debt of the firm, the creditor may, and indeed is bound to prove at the request of the separate creditors, his whole debt without deduction against the

[1] [Reprinted by permission.]

joint assets; but can only prove the deficiency, after disposing of the security, against the separate assets of such partner.

2. Evidence is always admissible between principal and surety to show what their equitable rights towards each other are.

This case came up on the certificate of the register, the parties agreeing that the facts were truly set forth in the affidavit of the actuary of the Life Insurance Company in support of the proof. The company lent sixty thousand dollars upon this note:

"No. 5724. $60,000. Boston, July 10, 1875. For value received we promise to pay to the Massachusetts Hospital Life Insurance Company, or order, in Boston, the sum of

——Sixty thousand dollars——

in three years, with interest to be paid half yearly at the office of the said company in Boston, at the rate of six and one half per cent. per annum until this note is paid in full. (Signed) May & Co., John J. May."

At the foot is the memorandum:

"Secured by mortgage of real estate in Boston on Pleasant & Pond Sts., Dorchester Av., & Romsey, Ct., duly recorded with Suffolk Deeds."

John J. May was a member of the firm of May & Company, and the money was borrowed for and used by the firm; but the land mortgaged was the separate property of John J. May. The question certified was whether the amount of the note could be proved against the joint assets, without deduction.

L. S. Dabney, for Life Ins. Co.

D. McClure, for an objecting creditor.

LOWELL, District Judge. I have been asked to revise the decision given in Re Holbrook [Case No. 6,588]. The argument has been ably presented, but the law is too well settled to be changed. Our statute has borrowed and put into the act itself the practice of the courts of bankruptcy, by which a creditor having security upon the bankrupt's estate is to give credit for its value before proving his debt. There was no such general rule in equity in England, and in settling the estates of insolvents deceased, or in winding up insolvent corporations, or limited companies as they are called in England, a secured creditor could prove for his whole debt and retain his security besides, until he received full payment. By a late statute the proceedings in winding up cases are put on the footing of bankruptcy in this respect. In this country the rule in bankruptcy has been adopted in some of the states, and in others rejected, when no statute governed the point. But whenever there has been a statute upon the subject, it has followed the practice in bankruptcy, so far as I am informed.

The insolvent law of Massachusetts contained a provision very much like that in our present statute, and, under it, the courts held that where two or more persons had given

their joint and several promissory notes, and all, or even one of them had given security for its payment, the value must be deducted, before proof was made against either. Richardson v. Wyman, 4 Gray, 553; Lanckton v. Wolcott, 6 Metc. [Mass.] 305, as explained in Bank v. Bodman, 11 Gray, 134, in which the decision was that a creditor may prove in full against a corporation, although he holds security on the property of a shareholder. It is not too much to say that Lanckton v. Wolcott, even as explained, has not met with approval. The general rule, both here and in England, is that the security which is to be valued and accounted for is that of the bankrupt against whose estate the proof is offered. Take the case of a surety pledging his own property for the debt of the principal; if this is to be applied before proof is made against the estate of the principal, the debt is cut in two and the surety proves for what he has paid or what his property has paid, while the creditor can only prove for what is left unpaid. This is unjust, both to the creditor and the surety, though the gain to the bankrupt's estate would be nothing. The equity rests on the sole ground that the secured creditor has something in his hands which the general creditors would have had but for the mortgage or pledge to him. Without this, they have no interest in the property, and no right to diminish his proof. This is admitted in the later cases in Massachusetts, as well as in all the cases decided under the bankrupt act [of 1867 (14 Stat. 517)]. Ex parte Cram [Case No. 3,343]; In re Dunkerson [Id. 4,157]; In re Anderson [Id. 350]; Ex parte Parr, 1 Rose, 76; Ex parte Hedderly, 2 Mont. D. & D. 487; Ex parte Jones, 2 De Gex, F. & J. 554; Ex parte Turney, 3 Mont. D. & D. 576; Ex parte English & American Bank, 4 Ch. App. 49; Ex parte Peacock, 2 Glyn & J. 27; Ex parte Bowden, 1 Deac. & C. 135; Ex parte Manchester & Liverpool Dist. Banking Co., L. R. 18 Eq. 249, 3 Ch. Div. 481; Rolfe v. Flower, L. R. 1 P. C. 27; Ex parte Connell, 3 Deac. 201; Re Chaffey, 30 U. C. Q. B. 64. But this is now changed by statute in Canada. Clarke, Insolv. 1875, p. 255. Partners and their estates come under the rule for the reason that in bankruptcy the estates are settled separately; the joint creditors are to have the joint assets, and vice versa; and although there is no contribution between joint and separate estates, unless there should be a surplus of one or the other, yet when the property of one is pledged for the debt of the other, a court of equity will apply the right of subrogation precisely as it would if the contracting parties were not partners, and thus do justice to the different sets of creditors. Many of the cases above cited are cases of partners.

It is true, as was argued, that there is nothing on the face of this note to prove that John J. May was the surety, and the firm the principals; but evidence is always admissible between principal and surety to show what their equitable rights towards each other are. Indeed, it would be admissible against the creditor, if he was aware of the fact; so, of course, with the other fact that the land was the separate property of John J. May, the surety. It was argued that there was something to be found in the examination of one of the bankrupts, tending to show that this land should be treated as firm property by virtue of some sort of estoppel. It was not said to have been bought with the money or used in the business of the firm in fact, or to have been dedicated to the firm in any way, but to have been held out as part of the resources of the firm. It strikes me as improbable that such an estoppel could be made out in any case. If it is so, the assignees must look to it, and have the property distributed to the joint creditors. On this certificate I have no right to look at the evidence, but must take the fact to be that it was the separate property of one partner. It follows, that the creditor may prove, and indeed is bound to prove at the request of the separate creditors, his whole debt without deduction, against the joint assets; but only the deficiency, after disposing of the security, against the separate assets of J. J. May. Proof to stand, in full, against the estate of the firm.

---

## Case No. 9,328.

### In re MAY et al.

[19 N. B. R. 101.][1]

District Court, S. D. New York. March 15. 1879.

BANKRUPTCY — PARTNERSHIP — WITHDRAWAL OF MONEY BY PARTNER—FRAUDULENT INTENT—KNOWLEDGE OF INSOLVENCY.

Where one of the members of a firm has withdrawn moneys therefrom with intent to use them for his private purposes, but such withdrawal was not fraudulent as against his copartners, the assignee of the firm cannot prove therefor against the separate estate of such partner, even if the firm estate was known to be insolvent at the time, and the withdrawal was made with knowledge of the insolvency.

[Cited in Re Lloyd, 22 Fed. 91.]

[In bankruptcy: See Case No. 9,325.]

C. W. Bangs, for motion.

T. Saunders, contra.